# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH GOTELL,<br><br>                     Plaintiff,<br>vs.<br><br>KIMMI RIDGEWAY, Deputy Clerk, et al.,<br><br>                     Defendants. | CASE NO. 07cv0084-LAB (JMA)<br><br>**ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING COMPLAINT WITHOUT PREJUDICE FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED** |

Plaintiff Joseph Gotell ("Gotell"), a non-prisoner proceeding *pro se* with a 42 U.S.C. § 1983 ("Section 1983") Complaint, moves for leave to pursue this action *in forma pauperis* ("IFP"). He alleges obstruction of justice and denial of due process in violation of the Civil Rights Act of 1964 by the only named defendant, an employee of the United States District Court Clerk's Office in this district, for certain alleged conduct associated with her handling of communications pertaining to Gotell's lawsuit Gotell v. Genmar Real Estate, Case No. 05cv0271-JM(WMc), filed February 8, 2005, and for delay in the adjudication of that action, He seeks damages in the amount of $750,000.00 and injunctive relief "preventing defendant from doing business in the Federal Court." Compl. 7:3.

All parties commencing any civil action or proceeding in a district court of the United States (other than a habeas corpus application) must pay a filing fee of $350.00. An action may proceed without plaintiff's prepayment of the entire fee only if the plaintiff is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). See Rodriguez v. Cook, 169 F.3d

1176, 1177 (9th Cir. 1999). Gotell represents in a Declaration he has not been employed since 1988, he has $6.00 in a checking account, he owns no motor vehicle, owns no real estate, stock or other financial instrument, and owns no other type of valuable asset. Gotell represents he receives disability or welfare payments in the monthly amounts of $437.00 and $316.00 from State Supplemental Payments Program ("SSP") and Supplemental Security Income ("SSI"), respectively, as his only income. Gotell was previously granted IFP status in Case No. 05cv0271-JM(WMc). In consideration of Gotell's affidavit substantiating his only income is monthly SSI and SSP payments, and his averments he has no other assets or securities, the court **GRANTS** his IFP Motion, pursuant to 28 U.S.C. § 1915(a).

The court is required to perform a *sua sponte* screening of a complaint filed by any person proceeding IFP. Calhoun v. Stahl, 254 F.3d 845 (9th Cir. 2001) ( "[T]he provisions of 28 U.S.C. § 1915(e)(2)(B) are not limited to prisoners"). The court must dismiss any action to the extent that mandatory review shows the complaint is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see* Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000) (*en banc*) ("[S]ection 1915(e) not only permits, but requires a district court to dismiss an *in forma pauperis* complaint that fails to state a claim"); *see also* Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998) (observing "the language of § 1915(e)(2)(B) parallels the language of Federal Rule of Civil Procedure 12(b)(6)"). As currently pled, it appears Gotell's Complaint is subject to *sua sponte* dismissal because it fails to state a claim upon which relief may be granted.

The purportedly actionable conduct alleged in Gotell's Complaint is confined to the allegations: all his "mail from the Federal Court in case 05cv0271-JM(WMc) was left unsealed, with only a tiny piece of tape on the flap, barely holding the flap closed" (Compl. p. 2), although he identifies no injury from that alleged condition, let alone harm rising to the level of a constitutional rights violation; defendant's purported instruction to him that it was his responsibility, upon being granted IFP status in that case, "'to complete the Marshal 285 forms and **mail them** together with the complaint and summons to the U.S. Marshal's office

at the address given below,'" whereas the IFP provisions of 28 U.S.C. § 1915 require only that an IFP plaintiff complete the Form 285, with responsibility for service of the Complaint residing with the Marshal's office upon instruction from the court; and his 05cv0271-JM(WMc) case has been pending nearly two years, a delay he attributes to racial animus towards him as a black man, although he acknowledges he is on his Sixth Amended Complaint in that case, by leave of court, and identifies no connection between defendant's duties and any control over the pace of adjudications.  Gotell's alleged theories in this case are the deputy court clerk defendant "aided and abetted" violations of his Fourteenth Amendment due process rights, "aided and abetted" a "'cover-up of a Federal Section 8 contract violation because of [his] race," and "aided and abetted under color of federal law and in conspiracy [with unidentified others] . . . violat[ions of his] rights under the Civil Rights Act of 1964 Title VI that commenced in the state civil court in the Hall of Justice," alluding to the existence of two judgments he contends substantiate the San Diego Housing Commission is "at fault" for some unspecified wrongdoing or injury.  Compl. pp. 5-6.

Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." Graham v. Connor, 490 U.S. 386, 393-94 (1989).  The essential pleading requirements of Section 1983:  (1) a person acting under color of state law committed the conduct at issue; and (2) the conduct deprived the claimant of some right, privilege or immunity protected by the Constitution or laws of the United States.  42 U.S.C. § 1983; Parratt v. Taylor, 451 U.S. 527, 535 (1981), *overruled on other grounds,* Daniels v. Williams, 474 U.S. 327, 328 (1986).  To adequately plead procedural due process violations, a plaintiff must allege: (1) a life, liberty, or property interest exists and has been subject to interference by the state; and (2) the procedures attendant on the deprivation of an existing interest were not constitutionally sufficient. Kentucky Dept. Of Corrections v. Thompson, 490 U.S. 454, 460 (1990).

While the court must construe *pro se* pleadings liberally, it may not "supply elements of [a] claim that were not initially pled," including in civil rights complaints. Ivey v. Board of Regents, 673 F.2d 266, 278 (9th Cir. 1982).  Here, Gotell purports to sue an individual

1 employee of the federal judiciary, not a person acting under color of state law, as required
2 for Section1983 jurisdiction. Moreover, he alleges no conduct cognizable as a constitutional
3 violation, irrespective of his theory the actions were purportedly motivated by racial prejudice
4 against him as a black man.  The court finds Gotell's Complaint allegations of an"unusual
5 instruction" defendant gave him with respect to the post-IFP grant, the "unusual condition of
6 [his] mail received from the court," and the "unusual time lapse between Amended
7 Complaints" (Compl. p. 5) do not state a claim upon which relief can be granted.

8     For all the foregoing reasons, **IT IS HEREBY ORDERED:**

9     1.    Plaintiff's Motion To Proceed IFP is **GRANTED**.

10     2.    The Complaint is **DISMISSED** without prejudice for failure to state a claim upon
11 which relief can be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

12     3.    On or before *February 26, 2007*, PLAINTIFF MAY FILE A FIRST AMENDED
13 COMPLAINT WHICH ADDRESSES ALL THE DEFICIENCIES OF PLEADING DESCRIBED
14 ABOVE AND MUST ATTACH A COPY OF THIS ORDER TO THAT AMENDED PLEADING.

15     4.    If plaintiff fails to timely file a First Amended Complaint, or if the First Amended
16 Complaint still fails to state a claim upon which relief can be granted, this case will be
17 dismissed with prejudice, without further leave to amend.  *See* McHenry v. Renne, 84 F.3d
18 1172, 1179 (9th Cir. 1996) (a court may dismiss an action pursuant to FED.R.CIV.P. 41(b) if
19 plaintiff fails to comply with a previous court Order regarding amendment).

20 **IT IS SO ORDERED**.
21 DATED:  February 1, 2007

22
23     **HONORABLE LARRY ALAN BURNS**
    United States District Judge
24
25
26
27
28